1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

| | |
|---|---|
| **DENO E. WOODIS,**<br><br>                              Petitioner,<br><br>          **v.**<br><br><br>**D. MORALES, et al.,**<br><br>                              Respondents. | Case No. 1:15-cv-00071 LJO MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES** |

17

18    Petitioner is a civil detainee proceeding *pro se* with a petition for writ of habeas

19    corpus under 28 U.S.C. § 2254. Petitioner challenges a December, 2014, conviction for

20    assault and battery.[1] (Pet., ECF No. 1.) Petitioner does not state that he sought review

21    from any state court, including the California Supreme Court.

22    ///

23    ///

24

─────────────────────

25          [1] The Court finds it unclear as to whether  Petitioner is attempting to challenge his conviction, or if
      he asserting that his civil rights were violated due to the conditions of his confinement at the time of the
26    criminal incident. If Petitioner is not challenging his conviction, he should proceed by way of a civil rights
      complaint. To promote judicial economy, the Court assumes that Petitioner is attempting to challenge the
27    fact or duration of his confinement, and it here proceeds to determine whether he exhausted his claims in
      state court. Regardless, if his claims are not cognizable in habeas or if he has not exhausted his claims in
28    state court, the result is the same – dismissal without prejudice.

1

1    **I.      DISCUSSION**

2           Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a

3    preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

4    petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to

5    relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d

6    490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.

7    Rule 5 of the Rules Governing § 2254 Cases.

8           A petitioner who is in state custody and wishes to collaterally challenge his

9    conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.

10   28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

11   and gives the state court the initial opportunity to correct the state's alleged constitutional

12   deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

13   509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

14          A petitioner can satisfy the exhaustion requirement by providing the highest state

15   court with a full and fair opportunity to consider each claim before presenting it to the

16   federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

17   270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will

18   find that the highest state court was given a full and fair opportunity to hear a claim if the

19   petitioner has presented the highest state court with the claim's factual and legal basis.

20   Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)

21   (factual basis).

22          Additionally, the petitioner must have specifically told the state court that he was

23   raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,

24   232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195

25   F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In

26   Duncan, the United States Supreme Court reiterated the rule as follows:

27          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
            exhaustion of state remedies requires that petitioners "fairly present"
28          federal claims to the state courts in order to give the State the

"'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner must inform the Court if, in fact, his claims have been presented to the California Supreme Court, and if possible, provide the Court with copies of the state court filings. Without knowing if Petitioner's claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## II.   ORDER

Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court if his claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   January 22, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE